IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |
|---|---|
| ALEXANDER A. JOHNSON,<br>    Plaintiff,<br><br>       v.<br><br>PROSPERITY MORTGAGE CORP., *et al*,<br>    Defendants. | Civil Action No. 11-cv-02532-AW |

******************************************************************************

## Memorandum Opinion

Presently pending in this case is Defendant Prosperity Mortgage Corp., Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Doc. No. 10. The Court has reviewed the record, as well as the pleadings and exhibits, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons described below, the Court will grant Defendants' motion to dismiss.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

The following facts are adapted from the complaint and attached exhibits and viewed in a light most favorable to Plaintiff. On or about June 12, 2007, Plaintiff Alexander A. Johnson ("Johnson") purchased his home, located at 12423 Pretoria Drive, Silver Spring, Maryland. Compl. ¶ 8. Prosperity Mortgage Company ("Prosperity") provided a loan to Johnson in the amount of $359,250 in order to consummate the purchase of the property. *Id.* ¶ 4; Ex. 3. Johnson also executed a Note payable to Prosperity Mortgage Company. *Id.* ¶ 9. Prosperity Mortgage later transferred the Note to Wells Fargo, although the Note was not endorsed. Wells Fargo

proceeded to appoint several Substitute Trustees, who have been named as Individual Defendants in this case. Johnson subsequently fell behind on his mortgage, and on or about April 20, 2009, the Substitute Trustees brought case number 312151V, *Shapiro v. Johnson*, which was later dismissed without prejudice. *Id.* ¶ 17.On or about June 15, 2011, Wells Fargo sent Johnson a Notice of Intent to Foreclose on the property.[1] *Id.* ¶ 18.

On August 15, 2011, Johnson filed this action in the Circuit Court of Maryland for Montgomery County against Prosperity Mortgage Corporation, Wells Fargo Bank, N.A., Wells Fargo Home Mortgage (collectively "Corporate Defendants") and the Substitute Trustees: John Burson, William Savage, Gregory Britto, Jason Murphy, Kristin Brown and Erik Yoder (collectively "Individual Defendants"). *See* Compl. After receipt of service on August 24, 2011, Corporate Defendants removed the action to federal court pursuant to 28 U.S.C. § 1331. *See* Doc. No. 4. Individual Defendants were served with process between August 24 and August 26, 2011, and have not timely responded to the Complaint as required by the Maryland Rules. In his complaint, Johnson requests a judgment quieting title in his name (Count I), declaratory relief (Count II), and an accounting to determine Johnson's rights of redemption (Count III).

Corporate Defendants contend that Johnson's complaint should be dismissed under Federal Rule 12(b)(6) because Johnson has failed to state with any particularity the basis for his claims, relying instead on factually unsupported legal conclusions, and that his claims are contrary to applicable law. In response, Johnson opposes Corporate Defendants' motion to dismiss as to Counts I and II but abandons Count III as a separate claim and requests that he be allowed to amend his complaint to incorporate the request for an accounting into Count II.

---

[1] Plaintiff states in the Complaint that Wells Fargo Home Mortgage is the secured party in the Notice of Intent to Foreclose, but the letter of intent to foreclose attached to Johnson's complaint states that the secured party is Wells Fargo Bank, N.A. *See* Doc. No. 5 Ex. 4 at 3.

## II.   STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, the complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In two recent cases, the U.S. Supreme Court clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases explain that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In addressing a motion to dismiss, a court should first determine which pleadings in the complaint are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In making this determination, a court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). A court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

**III.    ANALYSIS**

At their core, Johnson's allegations seek to challenge the authority of Corporate and Individual Defendants to enforce the Deed that secures the Note executed by Johnson. In challenging that authority, Johnson advances several arguments that set the foundation for his causes of action.

First, although Johnson acknowledges that he fell behind in his mortgage payments, Johnson contests the power of the substitute trustees to initiate foreclosure proceedings against him. Johnson's contention stems from the belief that Defendant Wells Fargo Bank, N.A. was not a valid holder of the Note with the ability to appoint these substitute trustees because the Note was not properly endorsed to Wells Fargo. Johnson reasons that absent a proper endorsement, only the original lender, Prosperity Mortgage, could appoint a substitute trustee. For the reasons discussed below, these allegations do not provide a basis for relief under the law of negotiable instruments or enforcement of deeds.

Defendants argue in their motion to dismiss that Plaintiff's complaint does not state actionable claims for Quiet Title or Declaratory Judgment.[2] Corporate Defendants assert that Counts I and II must be dismissed because the claims are based on an erroneous assertion that Defendants do not have the authority to appoint a substitute trustee. Doc. No. 18 at 2. They argue that the language of the Note and the Deed allows transfers of the Note, and that when the Note was transferred to Wells Fargo Bank, N.A., it acquired the power to appoint one or more

---

[2]As discussed above, Plaintiff has withdrawn its separate claim for an accounting.

substitute trustees and enforce the Deed under the express terms of the Note. *See id.* at 3-4. Defendants also contend that the Deed provides that any subsequently appointed trustee, such as Wells Fargo Bank, N.A., has the right to foreclose. *Id.*

Several United States district courts within the Fourth Circuit have recently addressed cases sharing common causes of action and similar fact situations. *See Flores v. Deutsche Bank Nat'l Trust, Co.*, Civ. No. DKC 10-0217, 2010 WL 2719849 (D. Md. July 7, 2010); *see also Parillon v. Fremont Inv. and Loan,* Civ. No. L-09-3352, 2010 WL 1328425 (D. Md. Mar. 25, 2010); *Hammett v. Deutsche Bank Nat'l Co.*, Civ. No. 1:09-cv-1401, 2010 WL 1225849 (E.D. Va. Mar. 25, 2010); *Horvath v. Bank of New York*, Civ. No. 1:09-cv-01129, 2010 WL 538039 (E.D. Va. Jan. 29, 2010). As in these cases, Johnson has failed to allege facts upon which relief can be granted in the instant action and therefore Defendants' motion to dismiss will be granted.

As a preliminary matter, Johnson is incorrect in his assertion that the Note was not properly transferred to Wells Fargo Bank, N.A. This Court considered and rejected a nearly identical argument in *Flores*, holding that the Note and Deed of Trust in that case were freely assignable and negotiable according to their express terms and in accordance with Maryland law. *See* 2010 WL 2719849, at *5. As in Flores, the Note at issue in the instant action contains the following language: "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder." Doc. No. 5 Ex. 3 ¶ 1[3]; *Flores* 2010 WL 2719849, at *5. It follows that Wells Fargo Bank, N.A. became the lender when it "t[ook] this Note" from the original lender. Additionally, Maryland law permits blank endorsements and permits transfer of an instrument by possession alone. *See* Md. Code (1975, 2002 Repl. Vol.) § 3-205(b) of the Commercial Law

---

[3]Both the Note and Deed of Trust were attached to Plaintiff's Complaint and thus may be properly considered by the Court in adjudicating the instant motion. *See Thompson v. Greene*, 427 F.3d 263, 268 (4th Cir. 1991).

5

Article ("[w]hen indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."). Accordingly, Johnson has failed to allege that the Note was not properly endorsed to Wells Fargo.

Given that Wells Fargo was the proper holder of the Note, it had the power under ¶ 24 of the Deed of Trust to appoint substitute trustees. *See* Doc. No. 5 Ex. 5 ¶ 24. Wells Fargo properly appointed Substitute Trustees John S. Burson, William M. Savage, Gregory N. Britto, Jason Murphy, Kristine D. Brown, and Erik W. Yoder. Because Wells Fargo is the holder of the note, it and its agents may enforce the Deed. "The note and the mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." *Le Brun v. Frosise*, 79 A.2d 543 (1951) (internal quotations omitted). Maryland Rule of Procedure 14-204 allows "any successor trustee" to file an action to foreclose a lien. Therefore, the substitute trustees appointed by Wells Fargo lawfully initiated foreclosure proceedings under the express terms of the Deed of Trust due to Plaintiff's default under the terms of the Note. The foregoing analysis provides the basis for why Johnson's allegations must be dismissed.

### A.    Count I: Claim for Quiet Title

Count one seeks a judicial declaration that title to 12424 Pretoria Drive is vested in Johnson alone. Compl. ¶ 8, 21. The purpose of an action to quiet title is to "protect the owner of legal title 'from being disturbed in his possession and from being harassed by suits in regard to his title by persons setting up unjust and illegal pretensions.'" *Wathen v. Brown*, 429 A.2d 292, 294 (1981) (quoting *Textor v. Shipley*, 26 A. 1019 (1893)). "In pressing such a claim, the plaintiff has the burden of establishing both possession and legal title by 'clear proof.'" *Flores*,

2010 WL 2719849, at *7 (quoting *Stewart v. May*, 73 A. 460 (1909)). Because Johnson does not dispute that he took out a loan, signed a promissory note, signed a deed of trust as security for repayment of his loan obligations and defaulted, Johnson has not established a right to rescission of the mortgage. Johnson was not discharged from his obligation because of the transfer of the Note, and he has not asserted that the debt evidenced by the Note has been paid in full or discharged. Accordingly, given the Court's discussion of the transferability of promissory notes and the deeds that secure them, Defendant Wells Fargo has an interest in Johnson's property and has taken no actions what would discharge its ownership interests, and Count I must be dismissed.

### B. Count II: Declaratory Judgment

Count II of the Complaint seeks a declaratory judgment from the Court determining that none of the Defendants have a proper interest, possession or ownership of the Note and that ownership of the property is vested in Johnson alone. *See* Compl. ¶ 23. Again given the Court's foregoing discussion, the Court simply has no basis to declare that the 12424 Pretoria Drive property is vested in Johnson alone. Accordingly, the Court declines to grant a declaratory judgment in favor of Johnson.

The Court generally retains the power to grant a declaratory judgment even where such judgment would be adverse to the plaintiff. *See Glover v. Glendening*, 829 A.2d 532, 539-40 (2003) (applying Maryland declaratory judgment act). However, in Maryland, judicial foreclosures are rare because Maryland statutory law provides comprehensive remedies for challenging foreclosures. *See* Md. Rules 14-211, 14-305(d), 2-543(g), (h). On June 15, 2011, Defendants mailed Johnson a Notice of Intent to Foreclose. *See* Doc. No. 14 Ex. 11 at 2.

Although Defendants contend that there is presently no active foreclosure case, Johnson may utilize any of the means provided by the Maryland Rules for challenging such a foreclosure should one arise: he may file a motion to stay and dismiss the foreclosure pursuant to Rule 14-211, file post-sale exceptions to the ratification of the sale under Rule 14-305(d), or file post-sale ratification exceptions to the auditor's statement of account pursuant to Maryland Rule 2-543(g), (h).

Accordingly, given Johnson's failure to establish a right to the property, coupled with the Court's hesitancy to engage in a judicial foreclosure given the comprehensive statutory mechanisms provided by the Maryland Legislature, the Court declines to issue a declaratory judgment in the instant action.

### C.  Count III: Accounting

Finally, Johnson seeks an accounting to determine the amount due, if any, under the Note. Conceding that an accounting is a remedy and not a cause of action, Johnson now requests that he be given leave to amend his Complaint to add a prayer for an accounting as a remedy under Count II rather than as a separate count. *See* Doc. No. 14 at 5-6. Because the Court holds that dismissal of Count II is proper, it denies as futile Johnson's request to amend Count II to add the accounting remedy. Because Johnson concedes that Count III does not state a cause of action, it is accordingly dismissed.

**IV.    CONCLUSION**

       For the foregoing reasons, Defendants' motion to dismiss is granted. A separate order will follow.


<u>November 2, 2011</u>                                                                          <u>          /s/                              </u>
       Date                                                                                            Alexander Williams, Jr.
                                                                             United States District Judge